David J. Kaminski (SBN 128509)
KaminskiD@cmtlaw.com
Stephen A. Watkins (SBN 205175)
WatkinsS@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
t: (310) 242-2200 f: (310) 242-2222

Attorneys for Defendants,
PREMIERE CREDIT OF NORTH AMERICA, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WHEELER, on behalf of himself and all others similarly situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>PREMIERE CREDIT OF NORTH AMERICA, LLC,<br>          Defendants. | Case No. 12-cv-2948-CAB-BGS<br><br>**JOINT MOTION TO CONSOLIDATE**<br><br>Fed. R. Civ. P. 42(a) |

The parties, plaintiff ROBERT WHEELER and defendant PREMIERE CREDIT OF NORTH AMERICA, LLC ("Defendant"), appearing through their respective counsel of record, hereby jointly move the Court to consolidate for all purposes this action ("Wheeler") and *Cecelia Lahr v. Premiere Credit of North America, LLC*, S.D. Cal., 12-CV-2788-CAB-BGS ("Lahr") for reasons of judicial economy and to avoid the dangers of inconsistent adjudication; and in support of their motion stipulate as follows:

1.  WHEREAS, on November 19, 2012, Plaintiff Lahr filed her Complaint for alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") by Defendant.

2.  WHEREAS, on December 11, 2012, Plaintiff Robert Wheeler filed his class action Complaint for violation of the TCPA against Defendant.

3. WHEREAS on January 30, 2013, Defendant filed a Notice of Related Case in both Lahr and Wheeler, asserting that the allegations were substantially similar.

4. WHEREAS, on February 14, 2013, Lahr was associated with Wheeler, but not consolidated.

5. Courts have broad discretion to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a); *see, e.g., Investors Research Co. v. U.S. Dist. Court for the Cent. Dist. Cal.*, 877 F.2d 777, 777 (9th Cir. 1989) ("The district court has broad discretion under [Rule 42(a)] to consolidate cases pending in the same district.").

6. Consolidation is appropriate where a common defendant faces separately filed putative class actions that involve similar allegations. *See, e.g., Takeda v. Turbodyne Technologies, Inc.*, 67 F. Supp. 2d 1129, 1132-33 (C.D. Cal. 1999) (consolidating six securities fraud class actions). In fact, actions need not be identical for consolidation under Rule 42. *Id.* The court need only consider whether the consolidation would enhance trial court efficiency and save judicial economy without resulting in prejudice. *Id.*

7. The Court should exercise its broad discretion and consolidate Lahr and Wheeler:

   a. First, both cases are brought on behalf of nearly identical classes.

   b. Second, Premiere is the common defendant.

   c. Accordingly, litigation in one action will necessarily implicate litigation in the other as these plaintiffs seek to pursue identical class-wide remedies against the identical defendant for virtually identical classes of individuals.

   d. These cases are already associated.

Accordingly, the parties request that the Court consolidate Lahr and Wheeler in light of the identical parties, claims, facts, and questions of law presented in these putative class actions to promote the efficient and speedy adjudication of these matters.

8. In the event that class certification is denied in the consolidated proceeding, the parties reserve the right to move, jointly or separately, to sever plaintiff's Lahr's claims from plaintiff Wheeler's claims for trial, and nothing in this joint motion will operate to preclude such a motion from being granted.

9. Consolidation may also facilitate the potential resolution of both cases.

10. The parties in Lahr are submitting a similar joint motion to consolidate.

IT IS SO STIPULATED.

Dated: November 5, 2013      **HYDE & SWIGART**

By: /s/ Joshua Swigart
    Joshua Swigart
    Attorneys for Plaintiff,
    ROBERT WHEELER

Dated: November 5, 2013      **KAZEROUNI LAW GROUP, APC**

By: /s/ Abbas Kazerounian
    Abbas Kazerounian
    Attorneys for Plaintiff,
    ROBERT WHEELER

Dated: November 5, 2013      **CARLSON & MESSER LLP**

By: /s/ David J. Kaminski
    David J. Kaminski
    Attorneys for Defendant,
    PREMIERE CREDIT OF
    NORTH AMERICA, LLC

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Abbas Kazerounian, Joshua Swigart, counsel for Plaintiffs, and that I have obtained their authorization to affix their electronic signatures to this document.

Dated: November 5, 2013          **CARLSON & MESSER LLP**

                                        By:  /s/ David J. Kaminski
                                            David J. Kaminski
                                            Attorneys for Defendant,
                                            PREMIERE CREDIT OF NORTH AMERICA, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on this **5th** of **November 2013**, a true and accurate copy of the foregoing **JOINT MOTION TO CONSOLIDATE Fed. R. Civ. P. 42(a)** was served via the U.S. District Court ECF system on the following e-mail(s):

ak@kazlg.com

josh@westcoastlitigation.com

                                                 /s/ David J. Kaminski
                                                  David J. Kaminski